**Lila COLLINS, individually, and for all Others Similarly Situated, Plaintiff,**

v.

**F. Ray MARSHALL, Secretary of the Department of Labor, John R. Igoe, Herbert L. Ford and Charles B. Fain, Commissioners of the Labor and Industrial Relations Commission of the Department of Labor and Industrial Relations of the State of Missouri, and Joseph Dietrich, Director of the Missouri Division of Employment Security of the Department of Labor and Industrial Relations of the State of Missouri, Defendants.**

No. 80–0908–CV–W–6.

United States District Court, W. D. Missouri, W. D.

Jan. 30, 1981.

Michael Hufft, and Dana K. Kaiser, Legal Aid of Western Mo., Kansas City, Mo., for plaintiff.

Larry D. Coleman, Asst. U. S. Atty., Kansas City, Mo., for Marshall.

Jan Bond, Asst. Atty. Gen., Jefferson City, Mo., for Dietrich, Igoe, Ford and Fain.

Rick V. Morris, Chief Counsel, Jefferson City, Mo., for Dietrich.

Timothy P. Dugan, Counsel, Labor and Industrial Relations, Jefferson City, Mo., for Igoe, Ford and Fain.

## MEMORANDUM OPINION AND ORDER

SACHS, District Judge.

█ Presently before the Court in the above-captioned cause are the motions of plaintiff, defendant F. Ray Marshall, and defendant Joseph Dietrich for summary judgment, and the motion of defendants John R. Igoe, Herbert L. Ford and Charles B. Fain to dismiss. The parties have stipulated to all facts necessary to determine the right to relief of the named plaintiff. Class certification issues have been temporarily deferred in an attempt to advance injunctive relief. Class certification is not necessary to injunctive relief having broad effect.

The material undisputed facts are as follows. Defendant Marshall is [was] the Secretary of the United States Department of Labor. Defendants Igoe, Ford and Fain are the commissioners of the Labor and Industrial Relations Commission of the State of Missouri, and Dietrich is the director of the Division of Employment Security of the State of Missouri. The governor of the State of Missouri on behalf of the Division of Employment Security, entered into an agreement with the Secretary of Labor, pursuant to the Trade Act of 1974 (19 U.S.C. §§ 2291 et seq.) for administration of payments made to workers as readjustment allowances under that act (TRA benefits). Such payments are financed from a federal fund and recovered overpayments would go back into that fund.

In March 1980, plaintiff applied and in April was found eligible for TRA benefits covering a period of two years, from October 22, 1978 to October 21, 1980. She was paid benefits for the week ending October 28, 1978 through the week ending February 3, 1979, totalling $1,627, sometime between April 28, 1980 and May 6, 1980. Later in May, the Division of Employment Security notified plaintiff that it had determined that she had received an overpayment of benefits of $1,584. The overpayment was caused by an error in the base period wages shown on a form utilized by the Division in TRA benefit applications. The error was not caused by any information supplied by plaintiff and she is not otherwise at fault in causing the overpayment. At various intervals since that time, when plaintiff was otherwise eligible to receive TRA benefits, those benefits have not been paid to her; all such benefits have been withheld and credited toward restitution of the overpayment. Plaintiff challenges the regulation promulgated by the Secretary which allows recoupment of overpayments under these facts and the enforcement and administration of that regulation by defendants.

The program benefits provisions of the Act, as set forth in Title 19, U.S.C., address the recovery of overpayments in only limited situations. In § 2315, the only recovery of overpayments section, it is provided that (1) a recipient is liable in the event of fraud and (2) recovery back may be effectuated, after opportunity for a hearing, by making deductions from future benefits.[1] There is

---

1. (a) If a cooperating State agency or the Secretary, or a court of competent jurisdiction finds that any person—

    (1) has made or has caused to be made by another, a false statement or representation of a material fact knowing it to be false, or has knowingly failed or caused another to fail to disclose a material fact; and

    (2) as a result of such action has received any payment under this part to which he was not entitled, such person shall be liable to repay such amount to the State agency or the Secretary as the case may be, or either may recover such amount by deductions from any sums payable to such person under this part.

no statutory provision addressing the subject of liability for overpayments made without false statement or knowing omission by the claimant.

The overpayment section is one of the provisions which was adopted from the Trade Expansion Act of 1962 (former 19 U.S.C. § 1974), when most of the benefits provisions were changed in the Trade Act of 1974. 1974 U.S.Code Cong. and Ad.News 7186, 7281. No cases interpreting that section or the current section have been cited or located.

The Secretary is authorized, under 19 U.S.C. § 2320, to "prescribe such regulations as may be necessary to carry out the provisions of this part." The challenged regulation, adopted in 1975, is a portion of 29 C.F.R. § 91.58. Subsection (a) of that regulation tracks the language of the statute pertaining to fraud. But subsection (b) adds:

> (b) *Absence of fraud.* [I]f there has been an overpayment to any person but no finding by a State agency, the Secretary, or a court of competent jurisdiction has been made that there was an intent to defraud, the determinations specified below shall be made on the same basis as similar determinations as to overpayments of unemployment insurance are made under the applicable State law:
>
> (1) Whether the person shall be liable to repay such overpayment in cash, or
>
> (2) Whether the person shall be permitted to offset any future amounts payable to such person under the Act, or
>
> (3) Whether a waiver of overpayment may be permitted.

It is subsection (b) upon which defendants have relied in recouping the overpayment. Defendant Marshall contends that the regulation, upon which the state defendants have based their enforcement actions, should be held valid as "necessary" and therefore authorized, because the "ben-

efits are remedial in nature, and the funds derived from the public fisc." It can be assumed, the argument continues, that since that is the case, Congress could not have intended persons to retain overpayments which would amount to a "windfall."

This argument would have been much more persuasive had Congress not itself addressed the issue of overpayments. Defendant Secretary would have been able to cite an appellate decision closely in point, to support the proposition that common law governmental rights to recover back payments made by mistake will be recognized, and a recoupment regulation sanctioned, if the issue had not been dealt with legislatively. *Jacquet v. Westerfield*, 569 F.2d 1339, 1342 (5th Cir. 1978). But Congress did, in this instance, recognize the possibility of overpayments and the administrative desirability of recoupment, and tailored statutory liability and recoupment procedures in explicit terms, reaching only those overpayments caused by fraud or resulting from an intent to defraud.

The Court concludes that sound statutory construction in this instance requires use of the ancient but useful maxim that the expression of one thing impliedly excludes another. The rule of *expressio unius* is not infrequently the best guide to construction. *TVA v. Hill*, 437 U.S. 153, 188, 98 S.Ct. 2279, 2298, 57 L.Ed.2d 117 (1978); *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974); *Kemp v. Beasley*, 352 F.2d 14, 23 (8th Cir. 1965). Defendant Secretary relies on the exception to this rule of construction, applicable when the result would defeat "clear contrary evidence of legislative intent," and points to his statutory authority to promulgate regulations as a basis for rising above the statutory terms. The defendant's contention is unsound. The general authority to promulgate regulations does not imply that the Secretary may rewrite the statute;

Any such finding may be made only after an opportunity for a fair hearing.

(b) Any amount repaid to a State agency under this section shall be deposited into the fund from which payment was made. Any amount repaid to the Secretary under this section shall be returned to the Secretary of the Treasury and credited to the Adjustment Assistance Trust Fund.

and the statutory language specifically dealing with recoupment of certain types of overpayments is dispositive. The applicable rule of construction directs the Court to give controlling weight to specific terms, where a general provision could be construed inconsistently therewith. *Hickman v. Cliff Peck Chevrolet, Inc.*, 566 F.2d 44, 47 (8th Cir. 1977). Unless Congress chooses to modify the statute, recoupment in cases of mistaken overpayment of TRA benefits is forbidden by law.

It is not highly unusual to hold regulations or executive conduct invalid for violating a statutory plan; such invalid action has often been taken administratively for the purpose of preserving or recovering public funds. E. g., *State Highway Commission v. Volpe*, 479 F.2d 1099 (8th Cir. 1973); *United States v. Maxwell*, 278 F.2d 206 (8th Cir. 1960); *Pollard v. Gardner*, 267 F.Supp. 890, 907 (W.D.Mo.1967). While such an executive purpose may often be commendable, it may not be carried forward when contrary to statutory provisions. The Secretary should seek to have the statute amended and should not attempt to govern by regulation.

The Secretary avers that the regulation is nevertheless within the spirit of the Act and implies that Congress could not rationally have withheld the authority he seeks to assert by regulation. Without attempting serious speculation as to Congressional purposes, in originally enacting the pertinent language in 1962, the Court does note that a decision which allows recoupment of overpayments received by mistake shows some of the legal complexities of the common law doctrine of liability to repay funds received by mistake. *Mount Sinai Hospital of Greater Miami, Inc. v. Weinberger*, 517 F.2d 329 (5th Cir. 1975), cert. den. 425 U.S. 935, 96 S.Ct. 1665, 48 L.Ed.2d 176 (1976). Legislative draftsmen could well have shied away from granting an agency the right to decide for itself that a common law duty of repayment for mistake exists in particular cases, and from authorizing the strong pur-

gative of recoupment. Such legislative caution is consistent with allowing recoupment of funds in the extreme situation where they have been received fraudulently.

■ It is unnecessary in this case to decide whether an overpaid recipient of TRA benefits could be liable in a common law action for recovery of moneys received by mistake.[2] All that is necessary here is for the Court to decide that administrative recoupment is contrary to the statutory plan and cannot be created by regulation. The Court so concludes, and declares the regulation invalid.

■ Turning to the contentions of the state defendants, who challenge the existence of a case or controversy and their propriety as parties, the Court finds the contentions to be without merit. The state defendants have carried out the regulation promulgated by the Secretary, in administering the recoupment of overpayments or in denying appeals regarding recoupment on the basis of the regulation. See, e. g., *Finberg v. Sullivan*, 634 F.2d 50 (3d Cir. 1980). Any claims in this case for the amounts which have been recovered through this method are not barred by the Eleventh Amendment. Federal, not state, funding is essentially involved. Cf., *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Any administrative cost indirectly caused by this ruling would not create an immunity for the state defendants. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

Defendant Marshall has not addressed the propriety of relief sought, which may now include a return of the already-recouped funds. Plaintiff appears to assume that if the regulation is invalid, the resulting substantive due process violation would require such relief. The Court is unwilling to accept this assumption absent briefing by all parties, which should now be promptly forthcoming.

This Order resolves two issues: 1) the regulation is invalid; 2) the regulation may

---

**2.** The Court assumes that collection difficulties and the relatively small sums involved would make it unrealistic to suppose that litigation would be an attractive remedy.

no longer be enforced or relied upon by any defendant. The issues which remain to be determined are: 1) the appropriateness of class certification to obtain the return of already-recouped funds; and, 2) whether this ruling should apply prospectively only, that is, should it prohibit recoupment under the regulation from the date of this Order, or does it have the effect of declaring all prior recoupment invalid to the extent that those funds must be restored to the initial recipients.[3] The latter result does not automatically follow. See, e. g., *Bradford v. Juras*, 331 F.Supp. 167, 170–71 (D.Ore.1971). Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted to the extent that 29 C.F.R. § 91.58(b) is declared invalid and defendants and their successors are permanently enjoined from enforcing, requiring enforcement of, or administering programs in accordance with that regulation. It is further

ORDERED that the motions for summary judgment of defendants Marshall and Dietrich, and the motion to dismiss of defendants Igoe, Ford and Fain are denied.

The Court reserves ruling on the motion for class certification and the issue of return of recouped funds to the plaintiff or alleged class members pending further briefing by the parties, and any hearing or argument which may, upon request of the parties, be deemed appropriate. The Court requests joint or separate suggestions for a schedule of further proceedings, to be supplied within 21 days of this Order.

---

**3.** Recovery of excess benefits by defendants, by any method other than reduction of benefits for recoupment purposes, has not been raised by the pleadings or otherwise made an issue in this case, and the Court need not reach that question. It rules only that recoupment of benefits cannot be effectuated through withholding pursuant to subsection (b) of the regulation.