We express no opinion as to the merits of the debtor's case for discharge.[5] Accordingly, the judgment of the bankruptcy court is vacated and remanded with directions.

Lila COLLINS, Individually and for all others similarly situated, Appellee,

v.

Raymond J. DONOVAN, Secretary of the Department of Labor, John R. Igoe; Herbert L. Ford and Charles B. Fain, Commissioners of the Labor and Industrial Relations Commission of the Department of Labor and Industrial Relations of the State of Missouri, and Terry Allen, Director of the Missouri Division of Employment Security of the Department of Labor and Industrial Relations of the State of Missouri, Appellants.

Nos. 81–1330, 81–1358 and 81–1359.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1981.

Decided Oct. 15, 1981.

---

Michael Huff, argued, Merrick, Beamer, Wells & Slagg, Dana Kaiser, argued, Legal Aid of Western Missouri, Kansas City, Mo., for appellee.

Thomas S. Martin, Acting Asst. Atty. Gen., Washington, D. C., J. Whitfield Moody, U. S. Atty., Larry D. Coleman, Asst. U. S. Atty., Kansas City, Mo., Robert Greenspan, Margaret E. Clark, argued, Attys., Civ. Div., Dept. of Justice, Washington, D. C., for appellant Raymond J. Donovan.

John Ashcroft, Atty. Gen., Jan Bond, Asst. Atty. Gen., argued, Jefferson City, Mo., for appellants Terry Allen, John R. Igoe, Herbert L. Ford and Charles B. Fain.

Before LAY, Chief Judge, and HEANEY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

## FACTS

Donovan [1] is the Secretary of the United States Department of Labor. Igoe, Ford and Fain are the commissioners of the Missouri Labor and Industrial Relations Commission. Allen is the director of the Missouri Division of Employment Security. The governor of Missouri, pursuant to the Trade Act of 1974 (19 U.S.C. §§ 2101 *et seq.*) and in accordance with an agreement with the Secretary of Labor administers payments to workers in industries affected by import competition as readjustment allowances (TRA benefits). Such payments are financed from a federal fund and any recovered overpayments return to that fund.

In March 1980 Collins applied and in April qualified for TRA benefits for a period of two years, ending October 21, 1980. She received benefits totaling $1,627 in April or May of 1980. Later in May, the Division of Employment Security notified Collins that she had received an overpayment of $1,584. The overpayment was caused by an error in the Division's computation and was in no way the fault of Collins.

At various times after May 1980 Collins again became eligible for TRA benefits; those benefits were not paid to her but were withheld and credited toward restitution of the overpayment pursuant to 29 C.F.R. § 91.58(b). Only a portion of the $1,584 had been recouped at the time of this law suit. Collins challenges the regulation promulgated by the Secretary which al-

---

1. Raymond J. Donovan succeeded F. Ray Marshall as Secretary of the Department of Labor and was thus substituted as defendant.

lowed recoupment of the overpayment. On October 17, 1980, Collins filed suit seeking declaratory and injunctive relief.

On January 30, 1981, the district court[2] issued a memorandum opinion and order granting summary judgment for Collins and denying the state defendants' motion to dismiss them as defendants. *Collins v. Marshall*, 507 F.Supp. 83 (W.D.Mo.1981). The district court declared 29 C.F.R. § 91.58(b) invalid as exceeding the scope of the Secretary's authority under the Trade Act and enjoined the state defendants from enforcing the regulation. Donovan appeals from the determination that § 91.58(b) is invalid and the state defendants appeal from the determination that they were proper defendants.

The issue raised on appeal is whether the Secretary of Labor acted within the authority granted by the Trade Act of 1974 in promulgating 29 C.F.R. § 91.58(b) which allows recoupment of erroneous overpayments of TRA benefits to the extent allowed by state law. We hold that the recoupment of the TRA benefits pursuant to the regulation was proper.

*DISCUSSION.*

The Secretary recouped the overpayments pursuant to 29 C.F.R. § 91.58(b)[3] which allows recovery of overpayments not caused by fraud, to the extent allowed by state unemployment compensation laws. Collins argued that the Secretary in pro-

mulgating this regulation exceeded the authority granted by Congress under the Trade Act. She argued that by expressly providing in 19 U.S.C. § 2315[4] for the recoupment only of fraudulent overpayments Congress meant to exclude nonfraudulent overpayments from the recoupment provision.

The district court stated that the Secretary would have been authorized at common law to recover the overpayment if Congress had been silent on the subject. However, the court stated that through section 2315

> Congress did, in this instance, recognize the possibility of overpayments and the administrative desirability of recoupment, and tailored statutory liability and recoupment procedures in explicit terms, reaching only those overpayments caused by fraud or resulting from an intent to defraud.

*Collins v. Marshall, supra*, 507 F.Supp. at 85. Thus, the district court held that section 91.58(b) was invalid and "recoupment in cases of mistaken overpayment of TRA benefits [was] forbidden by law." *Collins v. Marshall, supra*, 507 F.Supp. at 86. We disagree.

The standard we apply in reviewing the validity of the recoupment regulation was set forth in *T. L. Hunt, Inc. of Texas v. Commissioner*, 562 F.2d 532, 535–36 (8th Cir. 1977):

---

2. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

3. 29 C.F.R. § 91.58(b) provides in part:

(b) *Absence of fraud.* [I]f there has been an overpayment to any person but no finding by a State agency, the Secretary, or a court of competent jurisdiction has been made that there was an intent to defraud, the determinations specified below shall be made on the same basis as similar determinations as to overpayments of unemployment insurance are made under the applicable State law:

(1) Whether the person shall be liable to repay such overpayment in cash, or

(2) Whether the person shall be permitted to offset any future amounts payable to such person under the Act, or

(3) Whether a waiver of such overpayment may be permitted.

4. 19 U.S.C. § 2315 provides in part:

(a) If a cooperating State agency or the Secretary, or a court of competent jurisdiction finds that any person—

(1) has made or has caused to be made by another, a false statement or representation of a material fact knowing it to be false, or has knowingly failed or caused another to fail to disclose a material fact; and

(2) as a result of such action has received any payment under this part to which he was not entitled,

such person shall be liable to repay such amount to the State agency or the Secretary as the case may be, or either may recover such amount by deductions from any sums payable to such person under this part.

[T]he contemporaneous construction of a statute by those charged with its administration is entitled to great respect and should be held invalid only if the regulations are unreasonable and inconsistent with the statute.

We hold that section 91.58(b) is not unreasonable, nor is it inconsistent with the provisions of the Trade Act.

The basis for our decision is the principle that a statute is not required to authorize the government to "recover funds which its agents have wrongfully, erroneously, or illegally paid." *United States v. Wurts*, 303 U.S. 414, 415, 58 S.Ct. 637, 638, 82 L.Ed. 932 (1938). The government has a recognized common law right to recover overpayments. *Stone v. United States*, 286 F.2d 56, 58–59 (8th Cir. 1961); *Jacquet v. Westerfield*, 569 F.2d 1339, 1342 (5th Cir. 1978); *United States v. Mead*, 426 F.2d 118, 124 (9th Cir. 1970).

4 C.F.R. § 102.3, passed pursuant to 31 U.S.C. § 952, provides that agencies will collect by offset "claims which are liquidated or certain in amount in every instance in which this is feasible." That the Secretary's claim against Collins is "liquidated and certain in amount" is undisputed.[5] It was the intent of Congress that such claims be disposed of at the agency level and without resort to litigation. S. Rep. No. 1331, 89th Cong., 2d Sess., reprinted in 1966 U.S. Code Cong. & Ad. News 2532, 2539. Thus section 91.58(b) allowing the recoupment of overpayments of TRA benefits merely codifies the government's common law right to recover overpayments and authorizes the agency to use the recoupment or offset method.[6] The Secretary's recoupment of erroneous overpayments from Collins was proper.

Defendants Allen, Igoe, Ford and Fain raise the issue of whether the district court erred in enjoining the state defendants from enforcing or administering programs in accordance with 29 C.F.R. § 91.58(b). In light of our decision that the recoupment was valid, we do not reach this question.

We reverse the district court's decision insofar as it held that the recoupment was forbidden by law.

---

**5.** Collins recognizes the government's common law right to collect the overpayment. She maintains that the government is not entitled to use the recoupment method of recovery but must bring suit to collect the overpayment.

**6.** Our decision comports with the recent amendment to the Trade Act of 1974 which allows for recovery of nonfraudulent overpayments of TRA benefits. Omnibus Budget Reconciliation Act of 1981, Pub. L. No. 97–35 (August 13, 1981) 127 Cong. Rec. H. 5433, 5595 (amending 19 U.S.C. § 2315).