**TEXARKANA METROPOLITAN AREA MANPOWER CONSORTIUM, Petitioner,**

v.

**Raymond DONOVAN, Secretary of Labor.**

**No. 83–1389.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1983.

Decided Dec. 9, 1983.

Francis X. Lilly, Deputy Sol. of Labor, Karen I. Ward, Associate Sol. for Sp. Appellate and Supreme Court Lit., Allen H. Feldman, Counsel for Appellate Lit., Steven J. Mandel, Atty., U.S. Dept. of Labor, Washington, D.C., for Donovan.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and HUNTER,* Senior District Judge.

PER CURIAM.

The Texarkana Metropolitan Area Manpower Consortium (the Consortium) brings this petition for review of an order that required it to repay to the United States $4,704.44 that had been provided to the Consortium for the employment of Jacquelyn Jones under the Comprehensive Employment Training Act (CETA) when she was ineligible for CETA funds. The order was entered by an Administrative Law Judge (ALJ), and became the decision of the Secretary of the Department of Labor when the Secretary did not act upon it. The Consortium argues that Ms. Jones was an unemployed person as defined in applicable regulations and was thus eligible for CETA employment. The Consortium further argues that repayment sanctions enacted in 1978 cannot apply to monies allegedly misspent in a 1976 CETA program. We affirm.

Ms. Jones was a teacher employed by the Texarkana Independent School District for the 1975 school year for instruction from August 31, 1975 until May 30, 1976. For this work she was to be paid her yearly salary in twelve (12) equal monthly installments. She had also signed a contract with the school district for the 1976 school year for services as a teacher between August 16, 1976 and May 28, 1977.

On July 23, 1976, Ms. Jones applied through the Consortium for the position of guidance counselor in the CETA program. As a result of her participation, she was paid $4704.44 in CETA funds.

An "unemployed person," for purposes of determining CETA eligibility, is defined as

---

* The Honorable Elmo B. Hunter, United States Senior District Judge for the Western District of Missouri, sitting by designation.

one who is without a job and who wants and is available for work; a person is "without a job" if "during the thirty (30) days preceding his application, he has ... earned no more than thirty dollars in any calendar week." 29 C.F.R. § 94.-4(hhh)(1)(3). The Consortium argues that when Ms. Jones applied for the CETA job she had earned no money from her teaching job or any other job during the preceding fifty-three days.

■ The ALJ, however, found that, although Ms. Jones was not actively engaged in teaching during the summer months of 1976, she was not unemployed. She was continuing to draw her salary as a teacher. She was also at that time assured of employment commencing on August 16, 1976, under the employment contract that she had signed before applying for the CETA job. "A school teacher seeking summer employment is not within the contemplation of the Act, which was designed to aid economically disadvantaged, unemployed or underemployed persons." ALJ Opinion, p. 2. We agree with the ALJ's reasoning and conclusion that Ms. Jones was receiving earnings within the thirty days preceding her July 23, 1976 application for the CETA job and was not an unemployed person.

■ The Consortium contends that the repayment sanctions Congress enacted in 1978 do not authorize the Secretary to recover CETA funds allegedly misspent in 1976. In response, the Secretary argues that the Consortium failed to raise the issue during the agency administrative proceeding. While we could rule that such failure precludes our review of this issue, *Franklin County Employment and Training Administration v. Donovan,* 707 F.2d 41 (2d Cir. 1983); *Pierce County v. United States,* 699 F.2d 1001 (9th Cir.1983), we think it is abundantly clear that the Secretary has such authority.

The Third Circuit in *Atlantic County, New Jersey v. U.S. Department of Labor,*

715 F.2d 834 (3d Cir.1983) (per curiam), recently held that the 1973 CETA statute, as well as the 1978 enactments, authorizes recovery for misspent funds. The court interpreted Section 602(b) of the 1973 CETA statute, 29 U.S.C. § 982(b), which authorizes the Secretary of Labor to make "necessary adjustments in payments on account of overpayments or underpayments," to create a right to recover misspent funds, not merely a right of setoff against future grants. In so doing, the Third Circuit expressly followed the approach of the Supreme Court in *Bell v. New Jersey & Pennsylvania,* —— U.S. ——, 103 S.Ct. 2187, 76 L.Ed.2d 313 (1983), which held that similar language in the Elementary and Secondary Education Act permits the government to recoup funds misspent under the ESEA. The Third Circuit examined the legislative history of the 1973 CETA statute in detail to confirm that Congress was presumptively aware of the Secretary's view that the pre-1973 manpower programs had created implied recoupment rights. The court concluded that the failure of Congress to indicate disapproval of the Secretary's practice of recoupment demonstrated congressional ratification of the implied recoupment right in the 1973 Act. We believe that the reasoning of the Third Circuit is compelling. This conclusion is also consistent with earlier decisions of this circuit in which we have recognized a common law right of the government to recover improperly spent federal funds. *E.g., Collins v. Donovan,* 661 F.2d 705 (8th Cir.1981).