**CALIFORNIA TRIBAL CHAIRMAN'S ASSOCIATION, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Respondent.**

**No. 82–7707.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 1984.

Decided April 11, 1984.

David W. McMurchie, Files, McMurchie, Foley, Brandenburger & Weill, Sacramento, Cal., for petitioner.

Francis X. Lilly, Dep. Sol., William H. DuRoss, III, Assoc. Sol., Harry L. Sheinfeld, Jane C. Snell, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before GOODWIN, PREGERSON and NELSON, Circuit Judges.

GOODWIN, Circuit Judge.

The California Tribal Chairman's Association (CTCA) petitions this court for review of an administrative determination that it misspent some $358,598 in CETA grants between 1974 and 1977 and must repay that sum to the government.

The Comprehensive Employment and Training Act of 1973 (CETA), Pub.L. No. 93–203, 87 Stat. 839 (1973) (repealed 1978), established decentralized employment and training programs. A Department of Labor (DOL) grant officer determined that CTCA had misspent $358,598 in CETA grants between December 1, 1974, and December 31, 1977. On June 16, 1982, an administrative law judge found that the grant officer's determination was supported by substantial evidence and held on three independent grounds that the DOL does have authority to recover the money from non-CETA funds. Those grounds are: (1) implied authority from the 1973 Act; (2) retroactive application of the 1978 CETA amendments (Pub.L. No. 95–524, § 106(d)(1), 92 Stat. 1909, 1927 (1978) (repealed 1982)); and (3) a common law right to recover misspent funds. CTCA does not challenge the dollar amount of its alleged liability, but asserts that it cannot be required to repay the money from its general funds.[1]

*Jurisdiction—timely filing*

DOL asserts that CTCA's petition is untimely because the administrative law judge's decision became the Secretary's final action thirty days after the administrative law judge issued it. If so, the petition for review was filed after expiration of the sixty day period as then allowed by Pub.L. No. 95–524, § 2, 92 Stat. 1929 (1978) (repealed 1982). However, CTCA filed exceptions with DOL on July 15, 1982, within the thirty day period allowed by 29 C.F.R. § 97.198 and 29 C.F.R. § 98.48. The final action was the Secretary's response to CTCA's exceptions on September 28, 1982. *Cf. Outland v. CAB*, 284 F.2d 224, 227 (D.C.Cir.1960), and *Tallman v. Udall*, 324

---

1. In *Quechan Indian Tribe v. U.S. Dept. of Labor*, 723 F.2d 733 (9th Cir.1984), we held that a tribe charged with misapplication of CETA funds was entitled to reconsideration of certain equitable defenses at the Secretarial level. We did not, in that case, reach the question of the Secretary's authority to recover the money from the grantee's general funds because that question had not been preserved on appeal.

F.2d 411, 416 (D.C.Cir.1963).[2] The petition filed on November 24, 1982, was therefore timely.

*Authority under 1973 Act*

■ DOL argues that the 1973 Act granted it authority to require recipients to repay misspent CETA funds. Section 602(b) of the 1973 Act says:

(b) The Secretary may ... make such payments in installments and in advance or by way of reimbursement, ... as ... necessary to carry out ... this Act, ... including necessary adjustments in payments on account of overpayments or underpayments. The Secretary may also withhold funds otherwise payable under this Act, but only in order to recover any amounts expended in the current or immediately prior fiscal year in violation of any provision of this Act or any term or condition of assistance under this Act.

Pub.L. No. 93–203, § 602(b), 87 Stat. 839, 878 (1973) (repealed 1978).

Interpreting similar provisions of the Elementary and Secondary Education Act of 1965 (ESEA), Pub.L. No. 89–10, § 207(a)(1), 79 Stat. 27, 32 (1965), and of the General Education Provisions Act (GEPA), Pub.L. No. 91–230, § 415, 84 Stat. 164 (1970), the Supreme Court held they plainly imposed a liability on states for misused funds granted under ESEA. *Bell v. New Jersey,* —— U.S. ——, 103 S.Ct. 2187, 2197, 76 L.Ed.2d 313 (1983).

Subsequent to *Bell,* the Third and Fourth Circuits construed § 602(b) of CETA as authorizing the recovery challenged in this case. *Atlantic County v. Department of Labor,* 715 F.2d 834 (3d Cir.1983); *North Carolina Commission of Indian Affairs v. Department of Labor,* 725 F.2d 238 (4th Cir.1984). *Bell* was found persuasive because "[t]he language, legislative history, and administrative interpretation of the 1973 CETA statute closely parallel" that of ESEA. *Atlantic County,* 715 F.2d at 835; *see North Carolina,* 725 F.2d at 240–241.

We follow closely the reasoning of the Third and Fourth Circuits. Like the provisions construed by the Supreme Court in *Bell,* 103 S.Ct. at 2193, we believe the plain language of § 602(b) recognizes the government's right to recover misused funds. The last sentence of § 602(b) which states that the Secretary "may also withhold funds" does not limit DOL's right to recover misspent funds; remedies other than withholding are not precluded. The ESEA also provided for withholding funds from a state that failed to comply with its provisions. Pub.L. No. 89–10, § 210, 79 Stat. 27, 36 (1965). Given these analogous statutory provisions, we find no basis for restricting the Secretary of Labor's right to recover misspent funds more than that of the Commissioner of Education.

The 1978 amendments to CETA, which expressly provided for DOL's right to recover misspent funds, merely clarified DOL's existing authority. The *Bell* Court, facing the same issue in the context of similar amendments to ESEA, found Congressional debate indicating that Congress thought recipients were already liable for misused funds to be persuasive. 103 S.Ct. at 2194. The debate on the 1978 CETA amendments likewise indicates that Congress assumed the existence of a right of recovery and approved DOL's pre-1978 practice of recovering funds. *See* 124 Cong.Rec. 25168, 25221, 27789, 31021, 31026 (1978). DOL has had a long standing practice of recovering funds misspent under federal employment and training programs. *See Atlantic County,* 715 F.2d at 836, *North Carolina,* 725 F.2d at 241–242.

■ Finally, CTCA argues that as a matter of contractual justice, it is unfair to grant the government collection powers beyond those available when CTCA determined to accept the grant money. This action, however, concerns only the remedies available against a noncomplying re-

---

**2.** *Consolidated Flower Shipments, Inc. v. CAB,* 205 F.2d 449 (9th Cir.1953), does not contradict our present determination because here the pertinent regulations read together clearly indicate that there was no final action until action was taken on CTCA's exceptions.

cipient; it does not involve imposition of any new substantive obligations upon a recipient. Consequently, *Pennhurst State School v. Halderman,* 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981), upon which CTCA relies, is inapplicable because that case involved the imposition of a new and unexpected condition of compliance. *See Bell,* 103 S.Ct. at 2197 n. 17.

Because we uphold the right of DOL to recover under the 1973 CETA Act, we need not decide whether recovery would also be authorized by retroactive application of the 1978 amendments or by common law.[3]

Affirmed.

---

**3.** DOL has not yet levied on any specific CTCA funds. The parties do not question, and we do not consider, whether CTCA funds are protected from DOL collection efforts through spendthrift trust or other doctrines protecting Indian funds.