**ALAMEDA COUNTY TRAINING AND EMPLOYMENT BOARD/ASSOCIATED COMMUNITY ACTION PROGRAM, Petitioner,**

v.

**Secretary Raymond DONOVAN, United States Department of Labor, Respondent.**

No. 83–7253.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1984.

Decided July 19, 1984.

Ron Braden, Donna P. Shannon, Hayward, Cal., for petitioner.

Elizabeth S. Woodruff, Dept. of Labor, Washington, D.C., for respondent.

Before HUG, TANG and FARRIS, Circuit Judges.

PER CURIAM:

Alameda County Training and Employment Board ("ACTEB") petitions from a Department of Labor ("DOL" or the "Agency") decision requiring ACTEB to pay back to the government funds which were misspent under the auspices of the Comprehensive Employment and Training Act ("CETA" or the "Act"), Pub.L. No. 93–203, 87 Stat. 839 (1973) (repealed 1978).

Pursuant to CETA, DOL issued various grants for the years 1975 through 1978 to ACTEB, a CETA prime sponsor under Titles I, II, III and VI of CETA. As a prime sponsor, ACTEB agreed to comply with all provisions of the Act, the regulations of DOL, and other applicable laws. Based on an independent accounting firm's audit report, DOL eventually disallowed $151,235 in costs[1] on the grounds that the money was expended contrary to the grant agreements, the Act and DOL regulations.

ACTEB requested a hearing on DOL's determination. On June 28–29, 1982, an Administrative Law Judge ("ALJ") heard the case and concluded in his decision of January 14, 1983, that $135,117.60 in costs were properly disallowed and ordered ACTEB to repay $64,669.60 of this amount from non-CETA funds. ACTEB petitioned

---

1. This was in DOL's amended final determination which modified two previous determinations.

this court on April 18, 1983 for review of the ALJ's decision.

ACTEB makes the following arguments: (1) the Administrative Law Judge ("ALJ") improperly placed the burden of proof on ACTEB at the administrative trial; (2) DOL has no statutory authority to require AC-TEB to pay back misspent CETA funds; (3) DOL is barred from recovery of funds because of its failure to perform timely audits; (4) the ALJ erred in refusing to admit evidence regarding DOL's failure to provide technical assistance; (5) substantial evidence does not exist to support the ALJ's decision to disallow the cost related to the cost allocation of the Alameda County Neighborhood Arts Program; and (6) the ALJ erred in refusing to waive the questioned costs associated with the Public Service Employment programs.

We find ACTEB's arguments as to all issues raised to be without merit and deny the Petition for Review.

## I. DISCUSSION

■ *Timeliness.* DOL argues that this court lacks jurisdiction to hear the present case because ACTEB failed to comply with the statutory time limits for review of agency action. A similar argument was advanced by DOL in *California Tribal Chairman's Ass'n. v. United States Department of Labor,* 730 F.2d 1289 (9th Cir.1984). In *California Tribal,* the court construed the Secretary's response to petitioner's exceptions as the "final action" of the Department and held the petition timely filed. *Id.* at 1290–91. Following the lead of *California Tribal,* we too interpret the Secretary's response to ACTEB's exceptions in the present case as the final action of DOL and find ACTEB's petition to be timely filed.

■ *Burden of Proof.* ACTEB argues that the Administrative Procedure Act, 5 U.S.C. § 556(d), required that DOL have the burden of proof at the administrative hearing. ACTEB's argument is without merit. Section 556(d) merely places the burden of production on the Agency, not the ultimate burden of persuasion. *See*

*e.g., State of Maine v. United States Department of Labor,* 669 F.2d 827, 830–32 (1st Cir.1982).

In the case at bar, the Agency met its burden of production through the introduction of its administrative file. The file contained exhaustive records of the audit, the initial findings of the grant officer and the grant officer's final determination. Once the Agency met its burden of production, it was incumbent on ACTEB to establish that its expenditures were allowable under CETA.

■ *Authority to Require Payback.* ACTEB argues that DOL does not have statutory authority from the CETA of 1973 to require payback of misspent funds. AC-TEB's argument is precluded by this court's decision in *California Tribal Chairman's Ass'n. v. United States Department of Labor,* 730 F.2d 1289 (9th Cir.1984). *California Tribal* clearly stands for the proposition that Section 602(b) of the 1973 Act gives statutory authority to DOL to recover misspent funds and is controlling in the instant appeal.

*Failure of DOL to Perform "Timely" Audits.* ACTEB argues that DOL is barred by statute and by regulation from recovering misspent funds from grants that terminated more than two years before completion of the audit. ACTEB contends that: (1) the 1973 Act imposes a two-year statute of limitations period; and (2) that 29 C.F.R. § 98.6(c) so limits DOL from seeking repayment.

■ ACTEB's arguments are without merit. ACTEB derives its two-year statute of limitations interpretation from Section 602(b) of the act:

The Secretary may ... make such payments, in installments and in advance or by way of reimbursement, ... as ... necessary adjustments in payments on account of overpayments or underpayments. The Secretary may also withhold funds otherwise payable under this Act, but only in order to recover any amounts expended in the current or immediately prior fiscal year in violation of any provi-

sion of this Act or any term or condition of assistance under this Act.

Pub.L. No. 93–203, Sec. 602(b), 87 Stat. 839, 878 (1973) (repealed 1978).

ACTEB argues that the last sentence of the provision permits recovery of funds only up to the preceding fiscal year in which the audit takes place. However, contrary to ACTEB's assertions, the limitation in Section 602(b) is in reference only to the *withholding* of funds rather than to the *recovery* of misspent funds. *See California Tribal,* 730 F.2d at 1291, (withholding of funds different and separate remedy than recovery of misspent funds); *Atlantic County v. United States Department of Labor,* 715 F.2d 834, 837 (3d Cir.1983) (same). There is no language in the relevant statutory provisions to so limit the recovery of misspent funds.

■ 29 C.F.R. § 98.6(c) states that: "[audits] shall normally be conducted annually but not less than once every two years." ACTEB argues that the failure of DOL to follow this regulation precludes recovery of any moneys spent more than two years prior to the audit.

ACTEB's argument is without merit. First, 29 C.F.R. § 98.6(c) is inapplicable to the 1980 audit at issue in the present appeal in that Regulation 98.6(c), promulgated under the 1973 Act, had been superceded by the 1978 amendments and subsequent regulations by the time the 1980 audit was undertaken. The 1978 amendments and subsequent regulations do not specify any time limits within which audits must be performed. Moreover, even if 29 C.F.R. § 98.6(c) were applicable, ACTEB has failed to show any prejudice resulting from the failure of DOL to conduct "timely" audits.

■ *DOL's Alleged Failure to Provide Technical Assistance.* ACTEB argues that DOL failed to provide adequate technical assistance during the time period in question in contravention of 29 U.S.C. § 882 [CETA Amendments of 1978, Pub.L. 95–524, 92 Stat. 1909 (1978) (repealed 1982) ] and that the ALJ erred in refusing

to admit evidence pertaining to such failure. ACTEB's argument is misplaced. First, Section 882 is discretionary in that the Secretary is only directed to provide technical assistance where "appropriate." Moreover, ACTEB does not claim that it requested assistance or that the costs would have been properly handled had technical assistance been given. We find no error in the ALJ's refusal to admit evidence regarding DOL's alleged failure to provide technical assistance.

■ *The Disallowance of Costs of the Alameda County Neighborhood Arts Program.* The standard with which we review the ALJ's disallowance of indirect costs is whether there is "substantial evidence" in the record to support the ALJ's decision. 29 U.S.C. (Supp. V) 817(b) [CETA Amendments of 1978]. First, the ALJ found that a cost allocation plan distributing the Neighborhood Arts Program's indirect costs between its CETA and non-CETA programs was not formulated before the costs were charged as mandated by 29 C.F.R. § 98.12. Moreover, the cost allocation plan finally developed was found by the ALJ to allocate costs improperly to the CETA subgrant in the same percentage as its CETA funding bore to its overall funding. Finally, because ACTEB introduced no alternative documentation to support the amount of costs charged against the CETA subgrants, the ALJ disallowed the entire amount. In light of the above facts, substantial evidence exists to support the ALJ's disallowance.

■ *The Costs Associated with the Public Service Employment Programs.* ACTEB argues that costs associated with two public service employment subgrants, disallowed by the ALJ for lack of documentation, should have been waived pursuant to 20 C.F.R. § 676.88(c). We find that substantial evidence exists to support the ALJ's decision that the costs were "substantial" and not waivable under 20 C.F.R. § 676.88(c).

## II. CONCLUSION

ACTEB's arguments raised in this petition are without merit. Accordingly, the Petition for Review is DENIED.