**MOBILE CONSORTIUM OF CETA, ALABAMA, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 83–7469.

United States Court of Appeals, Eleventh Circuit.

Nov. 5, 1984.

---

Norman J. Gale, Jr., Mobile, Ala., for petitioner.

Jane C. Snell, Dept. of Labor, E. Kathleen Shahan, Washington, D.C., for respondent.

Before FAY and JOHNSON, Circuit Judges, and YOUNG *, District Judge.

GEORGE C. YOUNG, District Judge:

Petitioner, Mobile Consortium of CETA[1] ("Consortium"), a prime sponsor under the Comprehensive Employment and Training Act ("CETA") of 1973, 29 U.S.C. § 801 *et*

---

\* Honorable George C. Young, U.S. District Judge for the Middle District of Florida, sitting by designation.

1. Petitioner consists of the City of Mobile and the Counties of Mobile, Baldwin, and Escambia, Alabama.

**1418**

*seq.*, seeks review of a final order of the Secretary of Labor requiring the Consortium to repay $393,674.16 in misspent CETA grant funds. The order stems from a labor department audit of expenditures by the Consortium covering the period of June 3, 1974 through September 30, 1975. Based on the auditors' findings, the department's grant officer disallowed expenditures in the amount of $587,933.34. That decision was reviewed by an administrative law judge (ALJ), who reduced the disallowance to $393,674.16 and ordered the Consortium to repay that amount to the Department of Labor out of non-CETA funds. That order became the decision of the Secretary of Labor. In this petition for review, the Consortium (1) contests the Secretary's authority under the 1973 Act to order repayment of misspent funds, and (2) challenges the Secretary's findings of fact with respect to $31,291.66 of the disallowed funds.

■ At least four circuit courts have held that the Secretary's power under § 602(b) of the 1973 version of CETA, to make "necessary adjustments in payments on account of overpayments or underpayments", created an implied power to recoup misspent CETA funds. *Atlantic County, New Jersey v. Department of Labor*, 715 F.2d 834 (3rd Cir.1983); *North Carolina Commission of Indian Affairs v. Department of Labor*, 725 F.2d 238 (4th Cir.1984); *Texarkana Metropolitan Area Manpower Consortium v. Donovan*, 721 F.2d 1162 (8th Cir.1983); *California Tribal Chairman's Association v. Department of Labor*, 730 F.2d 1289 (9th Cir.1984); *cf. Bell v. New Jersey*, 461 U.S. 773, 103 S.Ct. 2187, 2197, 76 L.Ed.2d 313 (1983) (same construction of similar language in education aid statutes). We find the reasoning of those decisions persuasive, and accordingly conclude that it was within the Secretary's authority to order petitioner to repay misspent CETA funds from non-CETA sources.

The Consortium specifically challenges the Secretary's disallowance of $31,291.66 in grants for Title III programs, based on a

finding that the Consortium failed to establish the eligibility of 72 participants. At the hearing before the administrative law judge, the Consortium relied solely upon the job applications of those participants to establish their eligibility. In 39 cases, however, information stated in the job applications materially conflicted with information furnished to labor department auditors by the participants or their families in questionnaires or personal interviews. The ALJ found these questionnaire and interview responses, indicating non-eligibility, to be more credible than the contrary responses given in the job applications. In the remaining 33 cases, auditors were unable to obtain information about the participants through questionnaires or interviews. Although the job applications indicated that the participants were eligible, the applications contained serious facial irregularities. The ALJ observed that

"family size or income figures have been erased or altered or ... figures are written in different ink from the remainder of the application entries or in pencil or ink when the remainder is written in ink or pencil, respectively."

Due to such irregularities, the ALJ concluded that the applications for these participants did not afford a reliable basis for determining eligibility.

■ Petitioner concedes that as the party requesting the administrative hearing, it shouldered the burden of "establishing the facts and the entitlement to the relief requested." 20 C.F.R. § 676.90(b); *Quechann Indian Tribe v. Department of Labor*, 723 F.2d 733, 735 (9th Cir.1984); *State of Maine v. Department of Labor*, 669 F.2d 827, 829 (1st Cir.1982). In other words, the Consortium had the burden of demonstrating that the contested participants were eligible under applicable CETA guidelines. Within this framework, the Secretary's findings of fact are generally conclusive if they are supported by "substantial evidence." 29 U.S.C. § 817(b); see 29 U.S.C. § 1591(e).

■ Our review of the record convinces us that the ALJ's disallowance of the

$31,291.66 in question was supported by substantial evidence. In the cases where the participants' applications were contradicted by responses listed on signed questionnaires or interview sheets, the ALJ could properly choose to believe the latter, particularly since the Consortium offered nothing to indicate eligibility apart from the applications themselves.[2] The Consortium strenuously challenges the ALJ's disallowance of payments to 33 participants based solely on facial irregularities in their applications. We feel, however, that such alterations and discrepancies, appearing as they did in responses directly keyed to an applicant's eligibility, provided a substantial basis upon which the ALJ could reasonably conclude that the eligibility of the participants had not been established. The ALJ very carefully examined each of the contested applications, and indeed reversed the grant officer's disallowance in 7 cases. Significantly, the Consortium offered no evidence to explain the discrepancies and alterations appearing on the disallowed applications, or to verify the information stated in the applications. Accordingly, the ALJ's finding that the Consortium failed to carry its burden of proof in these cases was not improper.

For the foregoing reasons the final order of the Secretary, in its entirety, is AFFIRMED.

---

**2.** We reject petitioner's argument that the disallowance was not supported by substantial evidence because questionnaire results and interview sheets were "hearsay evidence", whereas the original applications were the Consortium's "business records". Hearsay reports may constitute substantial evidence in administrative proceedings, even when contradicted by direct evidence, if such reports have "rational probative force." *Richardson v. Perales*, 402 U.S. 389, 407, 91 S.Ct. 1420, 1430, 28 L.Ed.2d 842 (1971); *School Board of Broward County, Florida v. H.E.W.*, 525 F.2d 900, 906 (5th Cir.1976). The questionnaires and interview sheets relied upon by the ALJ possessed indicia of reliability and probative value comparable to those recognized in *Perales* and *School Board of Broward County*. We note that the ALJ rejected challenges to information given in job applications based on questionnaires or interview sheets which were unsigned or were otherwise materially flawed.