CITY OF GARY, INDIANA, Petitioner,

v.

UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 85–2473.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 28, 1986.
Decided June 16, 1986.

Douglas M. Grimes, Douglas M. Grimes Professional Corp., Gary, Ind., for petitioner.

Jeffrey A. Hennemuth, Office of the Solicitor, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before POSNER and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

FLAUM, Circuit Judge.

In 1974, the City of Gary, Indiana received a $2,060,613 grant from the Department of Labor pursuant to the Comprehensive Employment and Training Act (CETA). The Department in 1974 and 1975 audited the City's use of the funds and reported that almost $1,000,000 had been misspent and therefore would be recoverable by the Department. After subsequent audits and various other proceedings, the matter was placed before an administrative law judge, who in 1980 ordered the City to repay the Department $313,592.36. The ALJ further ordered that the City make this repayment out of non-CETA funds. The Secretary of Labor affirmed the ALJ's decision on July 1, 1985. The City now appeals only that portion of the decision requiring repayment out of non-CETA funds. We conclude that the Secretary was authorized to order repayment in this manner, and we thus deny the City's Petition for Review.

■ The 1973 CETA statute, which governs the City's grant,[1] required that recipients remain accountable for their disposition of CETA funds. The Act provided that in order to carry out provisions of the Act the Secretary has the discretion to make "necessary adjustments in payments on account of overpayments or underpayments," and that the Secretary "may *also* withhold funds otherwise payable ... in order to recover any amounts expended in the current or immediately prior fiscal year in violation of any provision of this Act." 29 U.S.C. § 982(b) (1976 Ed.) (emphasis added). The City argues that this language authorized the Secretary to recoup misspent funds only by withholding monies from future CETA grants.[2] According to the City's position, the Secretary was not empowered to order *direct* repayment from CETA grant recipients, much less to specify that the direct repayment be taken from non-CETA funds.

We disagree, however, and join the six other circuits that have considered the question in holding that this language enables the Secretary to order direct repayment of misspent funds from non-CETA sources. *See St. Regis Mohawk Tribe v. Brock,* 769 F.2d 37, 47–51 (2d Cir.1985), *cert. pending,* —— U.S. ——, 106 S.Ct. 2245, 90 L.Ed.2d 692; *Mobile Consortium of CETA v. United States Department of Labor,* 745 F.2d 1416, 1418 (11th Cir.1984); *California Tribal Chairman's Association v. United States Department of Labor,* 730 F.2d 1289, 1291 (9th Cir.1984); *North Carolina Commission of Indian Affairs v. United States Department of Labor,* 725 F.2d 238, 240–42 (4th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 112,

---

1. The 1973 CETA Act was amended in 1978 to provide explicitly that the Secretary of Labor have the authority to order repayment of misused CETA monies from non-CETA sources, 29 U.S.C. § 816(d) (1976 Ed.Supp. V). The Department has suggested that we apply this amendment to the instant case. Because we find that the 1973 Act fully authorized the Secretary's order, we do not reach the question of whether the 1978 amendment should apply to the City's grant and the Secretary's remedial efforts.

2. CETA was repealed, however, in 1982 and was replaced by the Job Training Partnership Act. 29 U.S.C. § 1501 *et seq.*

83 L.Ed.2d 55 (1984); *Texarkana Metropolitan Area Manpower Consortium v. Donovan*, 721 F.2d 1162, 1164 (8th Cir. 1983); *Atlantic County v. United States Department of Labor*, 715 F.2d 834, 835–37 (3d Cir.1983). These cases rely heavily on the Supreme Court's decision in *Bell v. New Jersey*, 461 U.S. 773, 103 S.Ct. 2187, 76 L.Ed.2d 312 (1983), which interpreted similar language in the Elementary and Secondary Education Act (ESEA) as empowering the Secretary of Education to recover misspent funds from non-ESEA money. *Id.* at 782–90, 103 S.Ct. at 2192–97. We find persuasive the conclusion of the other circuits that the reasoning of *Bell*, as well as the historical background of the 1973 CETA Act, compel this reading of the CETA Act's grant of authority. Accordingly, we hold that the Secretary properly ordered that the City repay the funds from non-CETA sources.

 The City finally argues that even if the Secretary had statutory authority to order this repayment, we should refuse to enforce the order either because of laches or because the Secretary first should have sought recoupment from the City's subcontractor on the grant, the "School City of Gary." We find little to support these claims. Even leaving aside the question of whether the government could be subject to the equitable defense of laches in this context, the City can point to no prejudice resulting from the gap in time between the ALJ's decision in 1980 and the Secretary's 1985 order. That delay, while inexplicable, worked no detriment upon the City's ability to present its case. The issues at that point were merely legal in nature, all factual questions about the amount of disallowed funds having been settled. With regard to the Secretary's decision to proceed against the City rather than the subcontractor, we have held that the grantee itself, here the City, remains accountable for the actions of its subcontractor. *Milwaukee County v. Peters*, 682 F.2d 609, 612 (7th Cir.1982). Finally, we have noted that the Act was "intended to give the Department of Labor broad powers to enforce the Act once it has determined that a

violation has occurred," and that the Secretary therefore is not required to prefer one remedy over another because the first appears to be more equitable. *Illinois Migrant Council v. United States Department of Labor*, 773 F.2d 180, 183 (7th Cir.1985).

For these reasons, the City's Petition for Review of the Secretary's Order is DENIED.