813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ROBESON COUNTY BOARD OF COMMISSIONERS, Petitioner,
v.
UNITED STATES DEPARTMENT OF LABOR, Respondent.
 No. 86-1031.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 9, 1986.
Decided Nov. 11, 1986.
 
 On Petition for Review of an Order of the United States Department of Labor. (84-CTA-115)
 Joseph C. Ward, Jr. (Ward, Strickland & Kinlaw, on brief), for petitioner.
 Patrick D. Gilfillan, Office of the Solicitor, U.S. Department of Labor (George R. Salem, Deputy Solicitor of Labor; Charles D. Raymond, Acting Associate Solicitor for Employment and Training; Harry L. Sheinfeld, Counsel for Litigation, on brief), for respondent.
 Before RUSSELL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The petitioner Robeson county Board of Commissioners (County) seek review of the final determination of the Secretary of Labor (Secretary) that it misspent $196,743 received by it as the "chief sponsor" under a CETA grant.[1] Such determination arose out of a series of three contracts executed by the County for the expenditures of funds from the CETA grant. All of the contracts related to the installation and operation of a management information system by the County. One of these contracts was for the purchase of a computer at $16,452.24. This contract was duly approved by the Grant Officer in the Department and is not in controversy. A second contract was requested to cover the costs of initially programming the system and was represented in the application for approval to involve a cost of between $8,000 and $9,000. Because this contract was expected to involve an expenditure of less than $10,000, it was approved. The third contract, which is the one in controversy, was between the County and Gencom Software, Inc. (Gencom). It was an open-ended computer services contract for a period of three years. Payment for services under the contract, calculated on a fixed hourly rate was to be paid monthly for services as needed over the term of the contract. The County paid from the CETA grant over $200,000 under the terms of this contract. It is conceded that the contract was awarded to Gencom without any competitive bidding and without securing the approval of the Secretary through his designated Grant Officer.
 
 
 2
 The regulations of the Secretary, which were binding on the County as a recipient under the CETA program, provided that all CETA grantees "shall obtain prior grant approval for all noncompetitive procurements which are expected to exceed $5,000....[2] It is conceded that the contract herein was a noncompetitive procurement contract involving purchases expected to exceed $10,000, which had not been approved by the Secretary's designated representative. The expenditures of the County under the grant were duly audited in three audits over the period of the three years covered by the contract. Payments under the contract were disallowed by the auditor in each year because of the failure to have prior approval of the contract as required under the regulations. After a hearing before an ALJ, those disallowances were upheld and the County was ordered to repay the funds improperly expended under the contract. The order of the ALJ became the final determination of the Secretary on his failure to vacate or modify the order of the ALJ. It is the reversal of that determination that, by its petition to review, the County requests on this appeal.[3]
 
 
 3
 The petitioner's first ground for reversal was the failure of the Secretary to comply with Section 816(b) of CETA which declared that "whenever the Secretary had reason to believe (because of an audit, report, on-site review or otherwise) that a recipient of financial assistance failed to comply [with the regulations] ... the Secretary shall conduct such investigation, and make the final determination not later than 120 days after receiving the complaint." The Secretary does not dispute that he did not make a final determination within the 120-day period prescribed in the Section. The result of this failure, the County argued both in the administrative hearing and in its brief as filed in this Court, was a loss by the Secretary of the power to recover misused CETA funds after that 120-day period [had] expired." That was the precise question resolved by the Supreme Court after this appeal was filed in Brock, Secretary of Labor v. Pierce County, 476 U.S. ---, 106 S.Ct. 1834, 90 L.Ed.2d 248 (1986). In that case, the Supreme Court held that the failure of the Secretary to take action within the 120-days provided in Section 816(b) "does not, standing alone, divest the Secretary of jurisdiction to act after that time." That decision is dispositive of this defense of the County and the County on oral argument has so conceded.
 
 
 4
 As a second ground of defense, the County contends that, since the contract was for "services as needed," payment for such services was to be made monthly for services rendered during such month, and that no monthly bill over the period of the contract exceeded $10,000. Under the County's contention, the contract was to be treated as 36 separate monthly contracts and, since none of the purchases in any one month thus exceeded $10,000, prior approval was not required. The fallacy in this argument is that there were not 36 separate contracts; there was a single contract which fixed specifically the hourly charges for all services rendered over the three year period of the contract by Gencom. The monthly bills were all submitted as charges under that single contract. That contract was never approved. It was unquestionably "expected to exceed" $10,000, as subsequently confirmed by the charges of over $200,000. As a noncompetitive procurement "expected to exceed" $10,000, it required Grant Officer approval, Section 29-70.216-5(e) 20 C.F.R., and the failure to obtain such prior approval made expenditures under such contract "misspent funds" recoverable by the Secretary. Montgomery County v. Department of Labor, 757 F.2d 1510, 1513 (4th Cir.1985).
 
 
 5
 Finally, the County raises by way of defense the applicability of Section 816(d)(2), 29 U.S.C. to this proceeding. Section 816(d)(2) provides that the Secretary, when he finds the recipient of CETA funds has misspent such funds, may order repayment of the misspent funds "unless, in view of special circumstances as demonstrated by the recipient, the Secretary determines that requiring repayment would not serve the purposes of attaining compliance with such sections." The statute permits, but does not direct, the Secretary to consider whether to forego recovery of misspent funds in any particular case. In seeking relief under Section 816(d)(2), the regulation requires the recipient of the grant to request the Grant Officer to forego recoupment; and it specifies the precise grounds on which the Grant Officer may forego recoupment. Should the Grant Officer deny recoupment, the recipient of the grant may under the regulation request a hearing before an administrative law judge and in the request is required to specify the grounds on which he seeks review. On the hearing before the ALJ, the recipient of the grant has a right to present evidence and to offer arguments.[4] When a recipient has specifically raised his right under Sec. 816(d)(2), the ALJ is ordinarily under a duty to exercise the discretion granted under the Section. Onslow County v. Department of Labor, 774 F.2d 607, 614 (4th Cir.1985). Should the recipient of the grant be dissatisfied with the ALJ's decisions, he may file exceptions "identifying the procedure, fact, law, or policy to which exception is taken," and any exception not filed is waived. Section 676.88(f), 20 C.F.R. Moreover, courts will not, on petitions to review administrative proceedings before an agency, consider claims not raised in the administrative proceedings (see United States v. L .A. Tucker Truck Lines, 344 U.S. 33, 37), and this rule has been applied in connection with administrative adjudication under CETA programs. Franklin County Employment & Training Administration v. Donovan, 707 F.2d 41, 44-45 (2d Cir.1983); Texarkana Metro Area Consortium v. Donovan, 721 F.2d 1162, 1164 (8th Cir.1983), Citing and relying on Franklin County.[5]
 
 
 6
 It is the Secretary's position that the County at no time during the administrative proceedings raised any claim for relief under Section 816(d)(2). In no pleading in those proceedings did it cite that Section nor did it seek to allege or prove any of the five circumstances which the Secretary by regulation had provided would be grounds for exercising his discretion to forego recovery of misspent funds. We do not understand the County to contend nor do we think it could successfully maintain that the Secretary could not specify the terms and conditions on which a request for relief under Section 816(d)(2) would be considered. There is unquestioned authority for the federal government or its authorized agencies to make or impose conditions on which it grants funds under federal funds, Pennhurst State School and Hospital v. Holderman, 451 U.S. 1, 17 (1981), and this, it would seem, would cover the terms on which a grantee might seek relief from a claim for misspent funds under the grant. And these terms would be the exclusive terms on which relief could be had. The county sought to avoid liability to repay the misspent funds at the administrative level only on common-law unjust enrichment grounds, not under any of the grounds specified in the regulations. Even if we were to treat the request for relief, even though stated under the claim of common-law enrichment, as a proper request under Section 816(d)(2), it is clear that the County has not stated in any of its pleadings or offered any proof that its request meets any one of the grounds stated in the regulations under which the Secretary may in his discretion waive recovery of misspent funds . Only where there are substantial grounds stated for the exercise of discretion under the criteria established in the regulations is it necessary for the Secretary to address the issue or to repond setting forth the reasons for his exercise or lack of exercise of discretion. Under those circumstances, there is no basis for a remand to the Secretary to consider the right of the County to a waiver under Section 816(d)(2. Any attempt to liken this case to Onslow County, supra, is out of place. In Onslow County, the grantee had expressly sought relief at the administrative level under Section 816(d)(2) by stating grounds for relief under the Secretary's criteria but the ALJ had disclaimed any discretion to grant such relief. That was entirely different from the case here.
 
 
 7
 The decision and order of recovery made by the Secretary herein is AFFIRMED and the petition to review his final determination is DENIED.
 
 
 
 [1]
 The CETA is summarized in the recent Supreme Court decision of Brock, Secretary of Labor v. Pierce County, 476 U.S. ---, 106 S.Ct. 1834, 90 L.Ed.2d 248 (1986)
 
 
 [2]
 Another regulation states that the grantee must retain the record of Grant Officer approval only for procurement in excess of $10,000. In reconciling the language of Sec. 29-70.216(6) with that of Sec. 29-70.216(5), the Secretary has limited the requirement of prior approval to contracts involving procurements in excess of $10,000
 
 
 [3]
 Our jurisdiction over the appeal by the County is pursuant to Sec. 107(a), 29 U.S.C. Sec. 817(a)
 
 
 [4]
 This procedure is set forth in the several parts of Sec. 676.88, 20 C.F.R
 
 
 [5]
 In Franklin County, the Court said:
 We perceive no reason peculiar to this appeal to depart from the general rule that all issues which a party contests on appeal must be raised at the appropriate time under agency practice.... The rule serves many beneficial purposes which are fully applicable here . In particular it allows the issues involved in litigation to be narrowed and a proper record to be developed so the issues actually raised are well framed for review.